

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. |
| HAROLD DENNIS | **3-14CR-361-K** |

## FACTUAL RESUME

Harold Dennis, the defendant, Sam Ogan, the defendant's attorney, and the United States of America agree to the law and facts as follows:

### ELEMENTS OF THE OFFENSE

In order to prove the offense alleged in Count One of the Information, that is, conspiracy to commit wire fraud in violation of 18 U.S.C. § 371, the government must prove each of the following elements beyond a reasonable doubt:

*First:* That the defendant and at least one other person made an agreement to commit the crime of wire fraud;

*Second:* That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third:* That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the information, in order to accomplish some object or purpose of the conspiracy.

In order to prove the offense of wire fraud, a violation of 18 U.S.C. § 1343, the government must prove each of the following elements beyond a reasonable doubt:

*First:* That an individual knowingly devised or intended to devise any scheme to defraud;

*Second:* That the scheme to defraud employed false material representations;

*Third:* That an individual caused to be transmitted by way of wire communications, in interstate commerce, any writing, sign, signal, or picture for the purpose of executing such scheme; and

*Fourth:* That an individual acted with specific intent to defraud.

## STIPULATED FACTS

The defendant, Harold Dennis, and members of his family, participated in a conspiracy to commit wire fraud. Dennis owns Westar Business Solutions (Westar), a temporary staffing company in the Dallas/Fort Worth area. Westar entered into an agreement with a factoring lender on or about December 2007 in order to assist Westar with financing their payroll. Westar submitted work invoices to the lender detailing the names of temporary staff and their work hours performed for various legitimate companies. The factoring lender would purchase the work invoices at a 10 percent discount of the face value and submit the payment to Westar via wire transfer. After receiving this wire transfer, Westar would pay the individual workers on the invoices, and the company whose invoices were purchased would issue their payment to the factoring lender for 100 percent of the face value of the invoice.

In or about December 2008, multiple members of Dennis' family, applied for DBAs (doing business as) through the Tarrant County Clerk's office using abbreviated

versions of the various legitimate companies Westar had as clients. These family members used the newly obtained DBAs to open and maintain business bank accounts under the newly created DBAs. Once the bank accounts were established, Westar (via the defendant) began submitting fraudulent work invoices to the factoring lender. Due to the similarities in company names, the factoring lender believed the DBAs were the same companies they had previously been doing business with and subsequently purchased the fraudulent work invoices. The lender would then submit payment for the fraudulent invoices to Westar via a wire transfer. Westar in turn would move money between the various DBA bank accounts and the personal bank accounts of Dennis and his family members, and eventually the account holders for the DBA bank accounts would make payments to the factoring lender in order to continue the fraud scheme.

During the course of the conspiracy over $19 million in fraudulent invoices were submitted to two different factoring lending companies. As a result of these fraudulent invoices, the factoring lending companies suffered a loss of over $1.5 million.

Dennis admits and acknowledges that at various times between December 2008 and continuing through on or about March 2013, in the Northern District of Texas and elsewhere, he knowingly and intentionally conspired with others to devise a scheme to defraud to obtain money or property by false or fraudulent pretenses, representations, or promises, and in the process transmitted or caused to be transmitted by means of wire in interstate commerce, any writings, signs, or signals for the purpose of executing the scheme to defraud. All of which is in violation of 18 U.S.C. § 371.

AGREED TO AND SIGNED this 19 day of ~~May~~ ~~Aug~~ Sept, 2014.

_____
HAROLD DENNIS
Defendant

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

_____
BRIAN D. POE
Assistant United States Attorney

_____
SAM OGAN
Attorney for Defendant

_____
CHAD MEACHAM
Criminal Chief

Factual Resume - Page 4 of 4